VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
700 SOUTH FLOWER STREET, 22nd FLOOR
LOS ANGELES, CALIFORNIA 90017-4209
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

BERNHARD E. BIHR, State Bar No. 59146
bbihr@veatchfirm.com

Attorneys for Defendant,
AL SHLOMO KLAUS

# UNITED STATED DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AL SHLOMO KLAUS,<br><br>Defendant. | CASE NO. CV 09-00579 CAS (Ex)<br>[Hon. Christina A. Snyder, United States District Judge]<br><br>[Hon. Patrick J. Walsh, United States Magistrate Judge]<br><br>[Hon. Charles F. Eick, United States Magistrate Judge]<br><br>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER RE: ASSET INFORMATION OF DEFENDANT |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Plaintiff, UNITED STATES OF AMERICA, and Defendant, AL SHLOMO KLAUS ("Defendant") stipulate and request that the Court enter a Protective Order as follows:

This Confidentiality Stipulation and Protective Order shall govern the use and disclosure of all "Asset Information," as defined herein, furnished by Defendant: deposition; interrogatory, requests for admissions, document demands or written responses to the same; document production; other discovery proceedings; or voluntary disclosure by Defendant in this action.

1     The entry of this Protective Order shall not obligate Defendant to
2 produce asset information or other material.
3     The parties retain all rights to object to discovery, take discovery,
4 and move the Court for protective or other discovery orders.

5     **1.**   <u>**Asset Information**</u>

6     As used herein, "Asset Information" includes, but is not limited
7 to, any document and other material containing and/or reflecting the
8 personal, family and/or business financial assets of Defendant.

9     **2.**   <u>**Designation of Confidential Information**</u>

10     This Protective Order applies only to Asset Information that is
11 designated "confidential." Defendant may designate as confidential any
12 document or other material that he and his counsel reasonably believe
13 contain or reflect Asset Information. A confidentiality designation is made
14 by:

15     a.   Bates stamping the document or material utilizing ranges
16     of numbers or other identifications;
17     b.   Marking each page of the document or the material
18     "CONFIDENTIAL"; or
19     c.   Providing separate written notice to counsel for Plaintiff.

20     Inadvertent failure to designate documents or material as
21 "confidential" at the time of production or disclosure shall not constitute a
22 waiver of Defendant's right to later designate them "confidential"
23 provided that written notice of any such designation is provided to
24 counsel within thirty days of the production of any such document.

25     **3.**   <u>**Use of, and Access to, Confidential Information**</u>

26     Except upon further order of the Court, any asset information
27 furnished in this action by Defendant shall be used solely for purposes of
28 ///

this action. The parties and their counsel shall not disclose Asset Information to anyone, except:

    a.    The Court;

    b.    The attorneys for the parties and their respective superiors on an as-need to know basis; and

    c.    Other persons who may be specifically designated by agreement of the parties, or pursuant to an order of the Court.

Prior to disclosing documents or material containing Asset Information to other persons [as set forth in subparagraphs (b) and (c) above], the disclosing party shall inform the person receiving such information of the confidential nature of the information and the existence of this Order.

Nothing in this Confidentiality Stipulation and Protective Order shall prevent Defendant from disclosing the Asset Information to any person he deems appropriate. Any such disclosure shall not be deemed a waiver of Defendant's rights under this Protective Order.

### 4. Safeguarding Confidential Information and Final Disposition

The recipient of any document or material designated as "confidential" shall take reasonable precaution to prevent the unauthorized disclosure of confidential information. At the conclusion of this action, including any appeals, the parties and all persons, except the Court, receiving confidential information furnished pursuant to the terms of this Confidentiality Stipulation and Protective Order, including all copies shall certify destruction of, or shall return all documents containing confidential information to Defendant. Notwithstanding the foregoing, counsel for the parties may retain attorney work product materials.

///

1  Prior to the conclusion of the action, if the Court orders any
2  document or material designated as "confidential" returned to the
3  producing party, the original document or material designated as
4  confidential and all copies shall be returned to the producing party and no
5  further use made thereof, unless ordered by the Court. This provision
6  does not preclude the parties from voluntarily agreeing to return
7  documents or material designated as "confidential" without first obtaining
8  a Court order.

9  **5.  Continuing Jurisdiction of the Court**

10  Notwithstanding the conclusion of this action, the Protective
11  Order will continue to bind the parties and others subject to it. Any
12  violations of this Protective Order can be addressed by all remedies
13  available under applicable law. The parties do not hereby waive their
14  objections, if any, already made to the form of this Stipulation, or
15  objections already made to production of documents or information.

17  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

19  DATED: May 7, 2010           **U.S. ATTORNEY**

21                                By: /s/
                                  TERRENCE M. JONES
22                                Assistant U.S. Attorney for
                                  Plaintiff, UNITED STATES OF
23                                AMERICA

24  DATED: May 7, 2010           **VEATCH CARLSON, LLP**

26                                By: /s/
                                  BERNHARD E. BIHR
27                                Attorneys for Defendant,
28                                AL SHLOMO KLAUS

- 4 -

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 5/7/10         By: /s/ 
                          CHARLES F. EICK
                          United States Magistrate Judge

I:\WP\01206299\PLD-confidentiality stip.wpd